Mr. Justice Peat
delivered the opinion of the court.
This was an action of ejectment in the court below, and the pleadings are in the usual form.
The titles of both parties to the lands in question are derived from one Rebecca McCabe, who received her title from the Spanish government.
In the progress of the trial it became a material question whether Rebecca McCabe had received from that government more than one grant for lands.
In reference to this question, the parties made a written agreement as follows: “ In this case it is agreed, that if the jury believe the grants and the titles from the Spanish government, in favor of Rebecca McCabe, are for the same lot of ground, then the defendant is entitled to a verdict, as the assignment of one half of Rebecca McCabe to Andrew Scantland is older-in date than that to William Lintol. Secondly, If the jury believe that the grants are not for the same tract of land, that they may say which is the true grant, and under which the lot is embraced.”
The proceedings upon two grants, in form to Rebecca McCabe, *892 commencing with their emanation from the Spanish government, and extending down to their confirmation, by commissioners acting under the authority of Congress, were presented for the consideration of the jury.
The jury upon this statement of facts found the defendants guilty of the trespass alleged in the declaration, &c. And a motion was thereupon made by defendant for a new trial, which was overruled by the court, and judgment rendered for the plaintiff.
■ From the. judgment so rendered the defendant prosecuted an appeal to this court.
The matter complained of as error is, that the court below refused to grant a new trial.
The affidavit of newly discovered evidence lays no foundation for a new trial. It is not enough that the party make affidavit of newly discovered evidence, and of what is expected to be proved by the witness whose testimony is desired; the party is bound to produce the affidavit of the witness, from whom such evidence is to come, setting forth the facts, or show that such affidavit could not be obtained.
The court will never grant a new trial, on the ground of newly discovered evidence, unless it be satisfied that such evidence would probably produce a different verdict.
From what is here disclosed, even were the affidavit of the defendant unexceptionable, we could not reasonably anticipate any such event in the face of the records spread out in the bill of exceptions.
The judgment below must be affirmed with costs.